IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH JUCHHEIM, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-404 |
| : | |
| JULABO USA, INC., MARKUS : | |
| JUCHHEIM and GERHARD JUCCHEIM, : | |
|     Defendants. : | |

## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                                                                August   1, 2022

### I.       INTRODUCTION

Plaintiff, Ralph Juchheim, ("Plaintiff" or "Ralph") filed a Complaint in the Court of Common Pleas of Lehigh County against Defendants, Julabo USA, Inc. ("Julabo"), Markus G. Juchheim ("Markus"), and Gerhard E. Juchheim ("Gerhard") for claims of Review of Corporate Action, Declaratory Judgment and Permanent Injunction. Defendants Markus and Gerhard ("Removing Defendants") filed a Notice of Removal to this Court, and Plaintiff filed a Motion to Remand, arguing that a procedural defect to removal and this Court's lack of subject matter jurisdiction requires remand to state court. Removing Defendants oppose remand. For the reasons that follow, I will deny Plaintiff's motion for remand.

### II.      BACKGROUND AND STATEMENT OF FACTS

Julabo was incorporated in the Commonwealth of Pennsylvania on October 12, 1993, as a for-profit corporation with 1,000 authorized shares. *See* Plaintiff's Complaint ("Compl.") at ¶ 5. One hundred shares of Julabo have been issued and are outstanding. *Id.* at ¶ 6; see also, Julabo Record of Certificates Issued and Transferred, attached to the Complaint as Ex. "A." Gerhard was the original holder of the one hundred shares of capital stock of Julabo until all one hundred

1

shares were transferred on November 29, 2010. *Id*. at ¶ 7; Ex. A. Pursuant to the terms of a Stock Transfer Agreement dated November 29, 2010, Gerhard transferred fifty shares of Julabo stock to Ralph and fifty shares of Julabo stock to Markus. *Id.* at ¶ 8; Ex. A; see also, Stock Transfer Agreement, attached to the Complaint as Ex. "B." The Stock Transfer Agreement provides:

> Purchase and Sale of Stock. Father hereby agrees to convey, transfer, assign and deliver to Sons and each Son agrees to acquire from Father fifty (50) shares of each common stock of the Corporation (the "Stock"), constituting all of the issued and outstanding capital stock of the Corporation, free and clear of all liens, charges and encumbrances.

*Id*. at ¶ 10; Ex. B, Section 1. The Stock Transfer Agreement provides "the Stock shall be conveyed as gifts to each Son." *Id*. at ¶ 11; Ex. B, Section 2. The Stock Transfer Agreement also provides that "[t]his Agreement shall not be changed or terminated except by written amendment signed by the parties hereto." *Id*. at ¶ 12; Ex. B, Section 14. The Stock Transfer Agreement is governed by the laws of the Commonwealth of Pennsylvania. *Id*. at ¶ 13; Ex. B, Section 10. As part of the Stock Transfer Agreement, Gerhard assigned, transferred, and delivered to Markus and Ralph fifty shares each of the capital stock of Julabo. Compl. *Id.* at ¶ 14; see also, Assignment and Transfer of Stock on Corporate Books, attached to the Complaint as Ex. "C." At the same time that the parties executed a Stock Transfer Agreement, they also entered into a "Gift Agreement" which granted Gerhard the right to revoke the gifts, including when there was a statutory right of revocation, which includes revocation under Section 530 of the German Civil Code (revocation due to "gross ingratitude" to the donor or his close relatives). See Gift Agreement (Ex. 1 to M. Juchheim Decl., § 5(2))

     On June 4, 2021, Gerhard purported to revoke his gift of Julabo stock to Ralph. Compl. at ¶ 17. Gerhard's revocation of Ralph's stock was based upon Section 530 of the German Civil

Code (BGB). *Id.* at ¶ 18. Section 530(1) of the BGB provides: "a donation may be revoked if the donee is guilty of gross ingratitude by doing serious wrong to the donor or a close relative of the donor." BGB, § 530, para 1 (Ger.). *Id.* at ¶ 19. Gerhard based the revocation of Ralph's stock on Ralph's alleged "gross ingratitude, reckless exploitation of the Gift against the donor, and Ralph's alleged actions to frustrate and defeat the donor's purpose in making the Gift which was to maintain the companies within the Julabo Group as a family business." *Id.* at ¶ 20; see also, Notice of Transfer Agreement and Removal from Julabo USA, Inc., attached to the Complaint as Ex. "D."

On January 13, 2022, Markus and Gerhard caused a "Unanimous Written Consent of Shareholders" ("Shareholders Consent") to be issued in accordance with 15 Pa. C.S. § 1766. Id. at ¶ 26; see also, Unanimous Written Consent of Shareholders, attached to the Complaint as Exhibit "E." In the Shareholders Consent, Markus and Gerhard removed Ralph as a director of Julabo, effective immediately. Id. at ¶ 27; Exhibit E. The Shareholders Consent also elected Markus as the sole director of Julabo. Id. at ¶ 28. The Shareholders Consent declared Ralph's Employment Agreement void, deemed Ralph to be an at-will employee and terminated his employment with Julabo. Id. at ¶ 29.

On January 14, 2022, Julabo, through Markus issued an Unanimous Written Consent of the Board of Directors of Julabo USA, Inc. ("Board Consent") wherein Markus removed Ralph from all offices he held with Julabo, effective immediately. Compl. at ¶ 30; see also, Unanimous Consent of the Board of Directors of Julabo USA, Inc., attached to the Complaint as Ex. "F." In the Board Consent, Markus appointed himself to serve as the President, Secretary, and Treasurer of Julabo. *Id.* at ¶ 31. The Board Consent also declared Ralph's Employment Agreement with Julabo to be void, deemed Ralph an at-will employee and terminated his employment with

Julabo. *Id.* at ¶ 32. Also on January 14, 2022, Julabo, again through Markus, sent Ralph a Notice of Transfer Agreement and Removal from Julabo USA, Inc. ("Notice of Transfer and Removal"). Compl. at ¶ 23; Ex. D. In the Notice of Transfer and Removal, Markus stated that based on the gift revocation made by Gerhard, the shareholders of Julabo are Gerhard and Markus, each of whom allegedly owns 50 shares of common stock of Julabo. *Id.* at ¶ 24; Ex. D, p. 2.

### III.  LEGAL STANDARD

28 U.S.C. §1441(b) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In the case of a motion to remand, the court "must assume as true all factual allegations of the complaint." *Yellen v. Teledyne Cont'l Motors, Inc.*, 832 F.Supp.2d 490, 493 (E.D. Pa. 2011) (*quoting Steel Valley Auth. V. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The removal statute "is to be strictly construed against removal." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). All doubts are to be resolved in favor of remand, and the moving party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Corbit v. City of Phila. Police Officer Thomas Horner*, 2016 WL 6825917, at *1 (E.D. Pa. Nov. 16, 2016). "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedures." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).

## III. DISCUSSION

Plaintiff's motion to remand argues that Removing Defendants' removal was procedurally defective and that this Court lacks subject matter jurisdiction, requiring remand. In response, Removing Defendants assert, *inter alia*, that Defendant Julabo USA should be realigned as a plaintiff, thereby creating diversity jurisdiction. Upon review of this matter, I find that Julabo USA should be realigned as a plaintiff in this matter. Accordingly, jurisdiction is proper in this Court and Plaintiff's motion for remand is denied.

This court has the power to realign parties if a party is more correctly deemed a plaintiff than a defendant. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69–70 (1941). The Third Circuit adheres to the "primary issue" test, under which a court must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue. *DiLoreto v. CNA Ins., Co.*, 1998 WL 962024, at * 2 (E.D. Pa. Dec. 18, 1998) (citing *Akerman v. Hook*, 183 F.2d 11, 14-15 (3d Cir. 1950)). Where multiple issues are raised, the court must look to the primary conflict to determine the proper alignment of the parties. *Emps. Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 46 (3d Cir. 1990).

A review of the pleadings in this matter shows that the primary issue of this litigation is clearly whether Gerhard or Ralph is the rightful shareholder of Julabo based upon Gerhard's revocation of his gift to Ralph, despite Ralph's claim that the primary issue is Julabo's removal of Ralph as an officer of Julabo. The issue of the rightful shareholder of Julabo and the related gift revocation is the dominant issue, as Julabo would not have removed Ralph as an officer and employee if Gerhard had not revoked his gift to Ralph and given those shares to Markus instead.

Ralph remains in complete control of Julabo as he is its President, Secretary, Treasurer, and sole member of its Board of Directors and has been for over a decade. Further, Ralph had

caused Julabo to bring arbitration claims against Markus, in which Julabo explicitly aligned its position with Ralph, claiming, *inter alia*, that Gerhard's revocation of his gift of Julabo shares to Ralph is invalid, adopting the same position as Ralph. *See* Compl. at ¶ 1; Julabo USA's 2/24/2022 Response to Stay Application (Ex. 3 to M. Juchheim Decl. ¶¶ 48-55). Although labeled as a defendant, Julabo is clearly aligned with Ralph and holds the same position as Ralph on the primary issue of this litigation.

Ralph argues that the primary issue in this litigation is Julabo's removal of him as an officer and employee. However, that removal could not have occurred without Gerhard's revocation of his gift of shares to Ralph. Ralph as the sole officer and shareholder in Julabo would not have removed himself as an officer and employee. Rather, Gerhard had to revoke his gift to Ralph in order to terminate Ralph from Julabo. Therefore, it is apparent that the proper ownership of Julabo stock is the primary issue in this case, and because Julabo has no substantial dispute with Ralph and is controlled by Ralph, the conclusion must be reached that, for the purposes of diversity jurisdiction, defendant Julabo must be realigned as a plaintiff in this action.

Removing defendants have offered sufficient evidence to meet their burden of proof. There is sufficient evidence to show that Julabo should be realigned as a plaintiff in this matter, giving this Court diversity jurisdiction. Accordingly, Ralph's motion to remand must be denied.[1]

Lastly, Ralph argues that this Court should exercise its discretion to decline jurisdiction over the claims in this matter pursuant to the Declaratory Judgment Act because this case involves "critical issues of state law and public policy." However, Ralph fails to address any of the factors that I must consider when determining whether to decline jurisdiction. Upon review

---

[1] The removing defendants make several additional arguments as to the propriety of their removal, but as I have found that Julabo should be realigned as a plaintiff in this matter, I do not need to reach those additional arguments.

of those factors, in particular, the lack of a parallel state court proceeding, I will not decline jurisdiction in this matter.

## IV.     **<u>CONCLUSION</u>**

For all the reasons set forth above, Ralph's action against the removing defendants may proceed in this court. Accordingly, I will grant Ralph's motion to remand.