IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RALPH JUCHHEIM,                          :
    Plaintiff,                          :
                                        :
    v.                                  :          CIVIL ACTION NO. 22-404
                                        :
JULABO USA, INC., MARKUS                 :
JUCHHEIM and GERHARD JUCCHEIM,  :
    Defendants.                         :

## MEMORANDUM OPINION

**Schmehl, J.   /s/ JLS**                                      **August 16, 2023**

## I.  INTRODUCTION

Plaintiff, Ralph Juchheim, ("Plaintiff" or "Ralph") filed a Complaint in the Court of Common Pleas of Lehigh County against Defendants, Julabo USA, Inc. ("Julabo"), Markus G. Juchheim ("Markus"), and Gerhard E. Juchheim ("Gerhard") that was removed to this Court by Defendants. This Court denied Plaintiff's motion to remand and realigned Julabo USA as a plaintiff in this action. Thereafter, Defendants filed a motion seeking to stay this case pending the outcome of an action filed by Plaintiff Ralph in Germany. For the reasons that follow, I will grant Defendants' motion and stay the instant proceedings.

## II.  BACKGROUND AND STATEMENT OF FACTS

I write for the parties who have knowledge of the facts of this matter, so I will keep the factual recitation brief. In short, Gerhard was the original holder of one hundred shares of capital stock of Julabo, until pursuant to the terms of a Stock Transfer Agreement dated November 29, 2010, Gerhard transferred fifty shares of Julabo stock to Ralph and fifty shares of Julabo stock to Markus. At the same time that the parties executed a Stock Transfer Agreement, they also entered into a "Gift Agreement" which granted Gerhard the right to revoke the gifts, including

when there was a statutory right of revocation, which includes revocation under Section 530 of the German Civil Code (revocation due to "gross ingratitude" to the donor or his close relatives). On June 4, 2021, Gerhard purported to revoke his gift of Julabo stock to Ralph based upon Ralph's alleged "gross ingratitude, reckless exploitation of the Gift against the donor, and Ralph's alleged actions to frustrate and defeat the donor's purpose in making the Gift." Ralph was removed as a shareholder in Julabo, USA and the instant litigation ensued on January 18, 2022. The matter was removed to this Court from the Lehigh County Court of Common Pleas on January 31, 2022.

On August 2, 2021, prior to filing the instant suit, Ralph filed suit against Gerhard in Germany concerning the June 4, 2021, revocation. In Ralph's 2021 German action against Gerhard, he argued that he was entitled to preliminary injunctive relief because Gerhard's revocation of Ralph's Julabo GmbH shares was improper under German law. Ralph voluntarily withdrew his 2021 action against Gerhard on October 8, 2021. Thereafter, on January 26, 2022, four days after filing the instant matter, Ralph filed a second action in Germany, this time against Gerhard and Julabo GmbH challenging the revocation of Ralph's shares in Julabo GmbH. That German action is still pending.

## III.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Although "[f]ederal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon them, . . . in some private international disputes the prudent and just action for a federal court is to abstain from the exercise of jurisdiction." *Turner Ent. Co. v. Degeto Film GmbH*, 25 F.3d 1512,

1521 (11th Cir. 1994) (*quoting Colo. River Water Conservation Dist. v. United States*, 424 U.S.

800, 817 (1976)).

### A.      DISCUSSION

Federal district courts may abstain from hearing cases and controversies only under

"exceptional circumstances." *See IFC Interconsult, AG v. Safeguard Intern. Partners, LLC*, 438

F.3d 298, 305 (3d Cir. 2006). "The exceptional circumstances that would support such a

surrender [of jurisdiction] must, of course, raise considerations which are not generally present

as a result of parallel litigation, otherwise the routine would be considered exceptional, and a

district court's unflagging obligation to exercise its jurisdiction would become merely a polite

request." *Royal and Sun Alliance Ins. Co. of Canada v. Century International Arms, Inc.*, 466

F.3d 88, 93 (2d Cir. 2006). For purposes of international comity, an action is considered parallel

to another when "substantially the same parties are contemporaneously litigating substantially

the same issues in another forum." *Paraschos v. YBM Magnex Int'l, Inc.*, 2000 WL 325945, at *5

(E.D. Pa. Mar. 29, 2000). There must be a "substantial likelihood that the [foreign] litigation will

dispose of all claims presented in the federal case." *Id.*

### 1. Parallel Actions

A review of the facts of this matter clearly shows that this action and Ralph's 2022 German

litigation are parallel. As stated above, an action is parallel to another action where "substantially

the same parties are contemporaneously litigating substantially the same issues in another

forum." *Paraschos*., 2000 WL 325945, at *5. Here, the parties are substantially the same in this

action and Ralph's 2022 German action. In the instant matter, Ralph has filed suit against

Gerhard and Markus.[1] Ralph's claims are substantively brought against Gerhard and Markus. In

---

[1] As previously determined by this Court, although Julabo USA was named as a defendant, it has no dispute with
and is thus properly aligned with Ralph, the Plaintiff in this action.

Ralph's 2022 German action, Ralph has filed suit against Gerhard and Julabo GmbH (whose

Managing Director is Markus). Ralph argues that the parties are not "substantially" the same

because Markus is a defendant in the instant matter and not in the German action. However, as

the Managing Director of Julabo GmbH, Markus is effectively a party in Germany because

Julabo GmbH is a party. Parties in this situation are not required to be identical, merely

substantially the same, and I find that the parties in the instant litigation are substantially the

same as those in the German matter. *See Ole Media Mgmt., L.P. v. EMI April Music, Inc.,* 2013

WL 2531277 (S.D.N.Y. June 10, 2013) (holding that while parties were not "identical," they

were "sufficiently similar" to permit a stay).

Further, the dispositive issue in Ralph's 2022 German action and this action are also

substantially the same. The primary issue in this litigation is the validity of Gerhard's June 4,

2021 revocation and Ralph's 2022 German action directly challenges the very same June 4,

2021, gift revocation. Plaintiff argues the issue here is solely about a Pennsylvania Stock

Transfer Agreement governed by Pennsylvania law and not a German gift and revocation.

However, Gerhard gifted his Julabo USA and Julabo GmbH shares to Ralph through the same

Gift Agreement and revoked both companies' shares through the same revocation for the same

reasons at the same time. Clearly, this results in issues that are substantially similar. If Ralph

prevails in Germany and obtains a declaration that Gerhard's revocation was improper, Ralph

ultimately will obtain the complete relief he seeks in this litigation also.

Accordingly, the instant matter is parallel to the 2022 German action for purposes of a

stay based upon international comity.

### 2. Extraordinary circumstances

Next, I must examine whether exceptional circumstances exist that warrant a stay of this litigation. "Extraordinary circumstances" necessary for a stay include: "(1) the desirability of avoiding duplicative litigation, (2) the inconvenience of the domestic forum, (3) the governing law, (4) the order in which jurisdiction was obtained in each forum, (5) the relative progress of each proceeding, and (6) the contrived nature of the domestic claim." *Hay Acquisition Co.*, 2005 WL 1017804, at *12.

First, a stay here will avoid duplicative litigation. As explained above, the parties and issues are substantively the same. Like this Court, the German court will be required to determine whether Gerhard's revocation was valid given Ralph's alleged "gross ingratitude" and conduct that prevented fulfillment of the gift's purpose. This first factor weighs in favor of the extraordinary circumstances necessary to justify a stay.

Second, the German court is a more convenient forum. Ralph, Markus, and Gerhard are all German citizens. Gerhard and Markus live in Germany presently. Julabo GmbH is a German company and Julabo USA serves as a distributor for Julabo GmbH. The Gift Agreement was originally drafted in German and contains a German choice of law provision, and Ralph has filed multiple actions in Germany, so it is obviously convenient for him to litigate there. This factor also weighs in favor of a stay.

Third, resolution of the issue of German law regarding gift revocation is essential to resolving all of Ralph's claims and all of Markus and Gerhard's counterclaims. This factor weighs in favor of a stay.

Fourth, Defendants argue that courts in Germany acquired jurisdiction over the key issue in this litigation before this Court because Ralph first filed an action in regarding Gerhard's

revocation in Germany in 2021, although Ralph later withdrew that action. Plaintiff argues that the German Court did not first obtain jurisdiction over the revocation issue because he withdrew his 2021 German action challenging Gerhard's revocation and then re-filed the 2022 German action eight days after filing this litigation. Due to Plaintiff's withdrawal of the 2021 German action, it appears the instant matter was the first action filed. This factor weighs against a stay in the instant matter.

Fifth, Ralph's 2022 German action has progressed farther than this action. It is expected that the German litigation will likely be resolved in late 2023 or early 2024. By contrast, no discovery has been exchanged in this case other than a stipulation as to the deposition of Gerhard. This factor weighs in favor of staying the instant action.

Lastly, there is no evidence that the instant claim was "contrived." Therefore, in balancing the factors to determine if exceptional circumstances exist, I find that the factors weigh in favor of a finding of extraordinary circumstances to justify a stay in this matter.

### 3.  Public policy

Finally, a stay is consistent with United States public policy. This action involves German citizens, a German Gift Agreement, the German Civil Code, a German corporation (Julabo GmbH) and the American distributor of a German company. Public policy favors allowing a German court to resolve the legal issues first. Accordingly, this matter will be stayed to allow the pending German matter to proceed to its conclusion.

## III.   <u>CONCLUSION</u>

For all the reasons set forth above, Defendants' motion to stay the instant litigation is granted.